**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| **THOMAS HARTMANN,** | : | |
| | : | |
| **Plaintiff,** | : | **Civil Action No. 21-17241 (JKS)** |
| | : | |
| v. | : | |
| | : | |
| **ARTHUR J. GALLAGHER & CO.,** | : | **REPORT & RECCOMMENDATION** |
| | : | |
| **Defendant.** | : | |
| | : | |

**CLARK, Magistrate Judge**

**THIS MATTER** comes before the Court on a motion by Plaintiff Thomas Hartmann ("Plaintiff") seeking to impose Rule 11 sanctions on Defendant Arthur J. Gallagher & Co. ("Defendant"). *See* Dkt. No. 45. Defendant filed an opposition to the motion [Dkt. No. 52], and a reply brief was filed by Plaintiff [Dkt. No. 57]. For the reasons set forth below, it is respectfully recommended that Plaintiff's motion for Rule 11 Sanctions [Dkt. No. 45] be **DENIED**.

## I.    BACKGROUND[1]

Plaintiff filed a Complaint in this action on September 21, 2021 [Dkt. No. 1], and an Amended Complaint on December 28, 2021 [Dkt. No. 15]. Generally, Plaintiff alleges that Defendant breached an employment agreement between the parties by not providing Plaintiff with "separation pay" after he resigned due to the changing of his immediate manager. *Id.* Defendant filed an Answer to the Amended Complaint on January 11, 2022 in which it denied the allegations and raised a number of affirmative defenses. Dkt. No. 16. Both parties filed motions for summary judgment on September 8, 2023. *See* Dkt. Nos. 44 and 46. Additionally, on that same day, Plaintiff separately filed this motion for the imposition of Rule 11 sanctions due to Defendant's failure to

---

[1] The Court only states the facts relevant to resolving the pending motion for sanctions.

withdraw its answer to paragraphs 13 and 14 of the Amended Complaint and for pleading its first, third, fourth, eighth, ninth, tenth and eleventh affirmative defenses without a sufficient basis. *See* Dkt. No. 45-6 at p. 7.

Plaintiff argues that sanctions are warranted because Defendant does not "admit the obvious" in paragraph 13 of his Answer to the Amended Complaint, thus making the answer "frivolous". *Id.* at p. 5. Paragraph 13 of the Amended Complaint states: "The verbiage '…or for no reason by the Company or Employee' was a specifically negotiated term between the Plaintiff and the Defendant, entitling Plaintiff to resign 'for no reason.' " Dkt. No. 15 at ¶ 13. Defendant responded in its Answer by stating: "Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation contained in Paragraph 13 of the Amended Complaint because the Agreement that allegedly contains the 'verbiage' alleged in Paragraph 13 is not attached as an exhibit to the Amended Complaint." Dkt. No. 16 at ¶ 13. In opposition, Defendant argues that its answer is reasonable because the employment agreement is not attached to the Amended Complaint, and it cannot be left to speculate as to the agreement's contents without it being attached. *See* Dkt. No. 52. To this point, Plaintiff states that the employment agreement referenced is attached to the original Complaint [Dkt. No. 1 at Exhibit A], so Defendant is aware of its existence and language. *See e.g.,* Dkt. No. 57.

Additionally, Plaintiff specifically argues that six of Defendant's affirmative defenses were "plead in violation of Rule 11" and do not have a basis for being raised. *See* Dkt. No. 45-6 at p. 10.[2] The relevant affirmative defenses include: failure to state a claim (First), mutual and unilateral mistake (Third and Fourth), reformation (Eighth), lack of any unconscionable practice (Ninth), and that any damages incurred by Plaintiff were not cause or proximately caused by Defendant

---

[2] Although Plaintiff mentions paragraph 14 and the eleventh affirmative defense from Defendant's Answer as among the sanctionable portions of the pleading, he offers no specific arguments in his brief as to why that is so.

(Tenth). *See* Dkt. No. 16 at p. 3-5. Defendant argues the affirmative defenses have a proper basis for being asserted at the time of pleading and, if Plaintiff believed they lacked such basis, he should have filed a Rule 12(f) motion to challenge the sufficiency of them. *See* Dkt. No. 52. At no time before filing the pending motion did Plaintiff seek to strike or otherwise invalidate any of Defendant's affirmative defenses.

## II.    DISCUSSION

Federal Rule of Civil Procedure 11 provides that "[b]y presenting to the court a pleading, written motion, or other paper" an attorney certifies that it is "not being presented for any improper purpose," "the claims are warranted," and "the factual contentions have evidentiary support." Fed. R. Civ. P. 11(b). Rule 11(c)(1) states that "if, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any ... party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). Rule 11 "imposes an affirmative duty on the parties to conduct a reasonable inquiry into the applicable law and facts prior to filing." *Bensalem Twp. v. Int'l Surplus Lines Ins. Co*., 38 F.3d 1303, 1314 (3d Cir. 1994) (*quoting Business Guides, Inc. v. Chromatic Commc'ns Enters., Inc*., 498 U.S. 533, 551 (1991)).

"[T]he determination [whether Rule 11 sanctions should be imposed] ... falls within the sound discretion of the District Court." *Brubaker Kitchens, Inc. v. Brown*, 280 F.App'x 174, 185 (3d Cir. 2008). "Rule 11 sanctions may be awarded in exceptional circumstances in order to 'discourage plaintiffs from bringing baseless actions or making frivolous motions.' " *Bensalem Twp*., 38 F.3d at 1314 (*quoting Doering v. Union County Bd. of Chosen Freeholders*, 857 F.2d 191, 194 (3d Cir. 1988)); *see Morristown Daily Rec., Inc. v. Graphic Commc'ns Union*, *Loc. 8N*, 832 F.2d 31, 32 (3d Cir. 1987) ("We caution litigants that Rule 11 is not to be used routinely when

the parties disagree about the correct resolution of a matter in litigation. Rule 11 is instead reserved for only exceptional circumstances.").

In determining whether an attorney has violated Rule 11, the Court "must apply an objective standard of reasonableness under the circumstances." *Mary Ann Pensiero, Inc. v. Lingle*, 847 F.2d 90, 92 (3d Cir. 1988) (*citing Snow Machines, Inc. v. Hedco, Inc.*, 838 F.2d 718, 727 (3d Cir. 1988)); *see Brubaker Kitchens,* 280 F. App'x at 185 ("It is well-settled that the test for determining whether Rule 11 sanctions should be imposed is one of reasonableness under the circumstances, the determination of which falls within the sound discretion of the District Court."). The Third Circuit has held that "[a]n inquiry is considered reasonable under the circumstances if it provides the party with "an 'objective knowledge or belief at the time of the filing of a challenged paper' that the claim was well-grounded in law and fact." *Bensalem Twp*., 38 F.3d at 1314.

Here, the Court finds that Defendant acted reasonably in answering the Amended Complaint and pleading its affirmative defenses. Therefore, the "exceptional circumstances" typically required to warrant Rule 11 sanctions are not present. In relation to Defendant's answer to paragraph 13 of the Amended Complaint, it is not disputed that the employment agreement containing the language in that paragraph is not attached to the Amended Complaint. Defendant acted reasonably under the circumstances in pleading lack of knowledge due to the proper documentation not being present. Plaintiff's argument that Defendant had knowledge of the agreement because it was attached to the original Complaint is not compelling, as an amended pleading supersedes the original pleading. *See Palakovic v. Wetzel*, 854 F.3d 209, 220 (3d Cir. 2017) ("in general, an amended pleading…supersedes the earlier pleading and renders the original pleading a nullity."). Therefore, Plaintiff's position that Defendant should be sanctioned simply because it pled lack of knowledge instead of admitting the contents certainly does not amount to

an exceptional circumstance warranting Rule 11 sanctions.

Additionally, Defendant's pleading of several affirmative defenses, and his failure to withdraw same, does not amount to exceptional circumstances warranting Rule 11 sanctions. The affirmative defenses at issue had a sufficiently reasonable basis in law and/or fact at the time of being plead and Plaintiff has not offered any convincing evidence to show otherwise. Furthermore, Defendant raised the affirmative defenses over two years ago, and if Plaintiff believed the affirmative defenses lacked a substantial basis, then challenging the sufficiency of them would have better been suited for a Rule 12(f) motion. Nevertheless, under a Rule 11 analysis, Defendant acted reasonably under the circumstances and its conduct does not meet the exceptional circumstances that accompany Rule 11 sanctions.

## III.    CONCLUSION & ORDER

The Court having considered the papers submitted pursuant to Fed. R. Civ. P. 78, and for the reasons set forth above;

**IT IS** on this 4th day of April, 2024,

**RECOMMENDED** that Plaintiff's motion for Rule 11 sanctions, attorney's fees, and costs [Dkt. No. 45] be **DENIED**; and it is further

**ORDERED** that pursuant to L. Civ. R. 72.1 and Fed. R. Civ. P. 72, objections to this Report and Recommendation shall be filed within fourteen (14) days after service hereof. Any party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

s/James B. Clark, III
**HONORABLE JAMES B. CLARK, III**
**UNITED STATES MAGISTRATE JUDGE**